IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SHARIF HASSAN AMIR BEY

*Plaintiff*

v.                                           CIV. NO. 13-1927 (PG)

*TRANSPORTATION SECURITY*
*ADMINISTRATION*

*Defendant*

### ORDER

Plaintiff Sharif Hassan Amir Bey filed this lawsuit against the Transportation Security Administration ("TSA") alleging, among other things, that he was denied access through a TSA checkpoint at the Luis Muñoz Marin International Airport in San Juan, Puerto Rico ("LMM Airport"), upon presentation of "a boarding pass, a National Identification Card, and a Right to Travel Card" (Docket No. 1, ¶4) because his "National Identification Card is not [sic] Government Issue identification." Id. The Complaint also avers that the TSA's failure to recognize plaintiff's National Identification Card as a valid identification violates his "right to locomotion" (Docket No. 1, ¶5) which is protected by "Article IV of the Articles of Confederation and Article 13 of the Declaration of Human Rights" as well as his "right to a nationality" (Docket No. 1 at ¶9). The plaintiff asks that defendant TSA and all its officers, agents and employees recognize his National Identification Card "as a valid identification for any and all future travel." See Docket No. 1 at page 3.

After reviewing the Complaint, we find that plaintiff failed to exhaust remedies through the Department of Homeland Security's Traveler Redress Inquiry Program before seeking judicial relief of his claims pertaining the recognition of his National Identification Card as a valid identification for travel purposes. The court thus **DISMISSES WITHOUT PREJUDICE** plaintiff's claims.

### I. Analysis

The Department of Homeland Security created the Traveler Redress Inquiry Program (hereinafter "DHS TRIP") in response to Congress's

statutory mandate pursuant to 49 U.S.C. §44926. "The statute specifically required the Department to create a process for people who have had trouble 'boarding a commercial aircraft.'" See 49 U.S.C. §44926; see also Shearson v. Holder, 725 F.3d 588, 591 (6th Cir. 2013). The program is considered to be a "single, formal administrative redress process for a wide variety of claims, including: delayed or denied airplane boarding; delayed or denied entry into or exit from the United States at a port of entry or border checkpoint; and continuous referral for additional (secondary screening)." Id.

Travelers who seek redress through DHS TRIP complete a Traveler Inquiry Form and are asked to send additional supporting information to DHS TRIP. See DHS TRIP, http://www.dhs.gov/dhs-trip (last visited January 22, 2014). After completing the Inquiry Form, travelers are automatically issued a Redress Control Number, which matches travelers with the results of their DHS TRIP case. Id. Redress Control Numbers can also be submitted by travelers when making airline reservations, which may prevent unnecessary screening. Id.

The Supreme Court long has acknowledged the general rule that where relief is available from an administrative agency, a plaintiff is ordinarily required to pursue that avenue of redress before seeking relief from the federal courts. See Reiter v. Cooper, 507 U.S. 258, 113 S.Ct. 1213 (1993). Exhaustion is required because it serves the dual purpose of protecting administrative agency authority and promoting judicial efficiency. See Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74 (1st Cir. 1997) (citing McCarthy v. Madigan, 503 U.S. 140, 145 (1992)).

In this case, because Plaintiff has not availed himself of DHS TRIP, he has not afforded the various federal agencies charged with correcting any errors the opportunity to formally review plaintiff's claims. See McCarthy, 503 U.S. at 145 (1992) (dismissal of action as premature would serve the underlying purpose of exhaustion by allowing "agencies, not the courts, [ ] to have primary responsibility for the programs that Congress has charged them to administer").

Moreover, requiring exhaustion of administrative remedies in this case will promote judicial efficiency. "When an agency has the opportunity to correct its own errors, a judicial controversy may well be

mooted, or at least piecemeal appeals may be avoided." Id. There is a possibility that use of DHS TRIP would render the current action moot.

Thus, at this juncture, the court refuses to review the merits of plaintiff's claim and accordingly dismisses the Complaint without prejudice.

## II. CONCLUSION

Based on the foregoing, the Court finds that plaintiff failed to exhaust administrative remedies before the Department of Homeland Security in connection with his claims. Therefore, the Court DISMISSES the action WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 27, 2014.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**